THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK J. CARLIN, Appellant, v. THE BOARD OF SUPERVISORS OF KINGS COUNTY, Respondent.

*Right of a board of supervisors, compelled to advertise for proposals and to award the contract to the lowest bidder, to reserve a right to reject bids—1884, chap. 230, sec. 3.*

Section 3 of chapter 230 of 1884, providing for the purchase of a county farm and the erection of buildings thereon by the board of supervisors of Kings county, directs that, whenever the plan and specifications shall be approved by the said board of supervisors "*it shall advertise*, as now provided by law, for proposals for the erection of the buildings and improvements thereby contemplated to be erected and made, and *shall award the contract to the lowest responsible bidder or bidders.*" Under this act the board advertised for sealed proposals and reserved the right to reject any and all bids. The relator and others submitted proposals for separate portions of the work. A portion of the work was awarded to the relator, but a number of his bids were rejected.

Claiming that the board had no power to annex to their advertisement the condition reserving the right to reject any and all bids, the relator moved for a peremptory *mandamus* to compel the board to accept the rejected bids.

*Held*, that even if the board had no authority to annex this condition, yet, as it did in fact do it, the relator, who made his bids under the advertisement containing it, could not complain that the board exercised the right so reserved against him.

That the statute was intended to be beneficial to the county, and if such a construction could be spelled out of its terms, it was the duty of the court to be sedulous in giving it such an interpretation.

*It seems*, that the fair interpretation of the act is that when the contract is awarded it shall be to the lowest bidder.

APPEAL by the relator from an order entered in Kings county, denying a motion for a peremptory *mandamus*.

The relator claimed to be entitled to the relief sought, by virtue of the provisions of section 3 of chapter 230 of 1884, providing for the purchase of a county farm and the erection of buildings thereon by the supervisors of Kings county, which directs that " whenever any such plan, or plans and specifications, shall be approved by the said board of supervisors, it shall advertise, as now provided by law, for proposals for the erection of the buildings and improvements thereby contemplated to be erected and made, and shall award the contract to the lowest responsible bidder or bidders. But the work so to be done may be let in one or more contracts as to the said board of supervisors shall seem for the best interests of the county."

*William M. Dykman*, for the appellant.

*John B. Meyenborg*, for the respondent.

PRATT, J. :

The relator moved for a peremptory *mandamus* to compel the respondents to contract with him for sixteen cottages, two boilers and a donkey engine. Under chapter 230 of the Laws of 1884 the board of supervisors advertised for sealed proposals, and reserved the right to reject any and all bids. The relator and a number of others submitted proposals for separate portions of the work, and a portion of the work was awarded to the relator, but a number of his bids were rejected. It is claimed by the relator that the board of supervisors had no power under the statute to annex the condition to their advisement, of reserving the right to reject any bid, but having once advertised for proposals, were bound to award the contract to the lowest responsible bidder. It is not necessary to

decide whether the respondents had that power or not. The fact is that they did it, and the relator having made his bids under such advertisement, he cannot complain that they exercised the right he so conceded to them. It was the plain condition of his bid that the board might reject it, and having given his assent to such rejection, he cannot challenge their power to exercise the right. The plain object of the statute was to prevent the supervisors from arbitrarily awarding a contract to any one except the lowest responsible bidder. There is no restriction as to the form or the number of times of advertising; but the statute contemplated that there should be competition, and that the contract should in the end be awarded to the lowest bidder. The statute was intended to be beneficial to the county, and if such a construction can be spelled out of its terms, it is the duty of the court to be sedulous in giving it such an interpretation.

If the respondents had the power only to make one advertisement, and were bound to award a contract if there was only one bid, the county might be subjected to the most glaring fraud. By using the terms " the lowest bidder," the intent of the statute that there should be competition is manifest. If there is no bid with which a comparison can be made, how can it be said that a bid is the lowest; and if there is no lowest bid, how can the contract be awarded ?

The return shows that the relator was the only bidder upon portions of the work where his bid was rejected. He was, therefore, not the lowest bidder within the meaning of the statute. He might be called the highest bidder as well as the lowest bidder. It seems to me that a fair interpretation of the act is that *when* the contract is awarded it shall be to the lowest bidder.

It does not seem possible that the legislature intended to take from the local law making power, *i. e.*, the board of supervisors, all discretion as to the making of contracts for the people of the county. Suppose, from accident or design, it should happen that there was but one bid, and that was for grossly exorbitant prices, could it be claimed that the board of supervisors must, nevertheless, award the contract? Such a construction would turn a statute intended for the protection of the public into an instrument of fraud and robbery.

Under the facts disclosed we think the respondents had the power and did right in rejecting the relator's proposals, and the order is accordingly affirmed, with costs and disbursements.

Present — BARNARD, P. J., and PRATT, J.; DYKMAN, J., not sitting.

Order denying *mandamus* affirmed, with costs.